**James D. SANDERS,**
**Petitioner/Appellant,**

v.

**TENNESSEE BOARD OF PAROLE,**
**et al., Respondents/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 13, 1996.

Permission to Appeal
Denied by Supreme Court
April 7, 1997.

James D. Sanders, Tiptonville, pro se.

Charles W. Burson, Attorney General and Reporter, Brenda Rhoton Little, Counsel to the State, Civil Rights and Claims Division, Nashville, for Respondents/Appellees.

## OPINION

LEWIS, Judge.

This is an appeal by petitioner/appellant, James D. Sanders, from the chancery court's dismissal of his petition for writ of certiorari. The petition challenged the decision of respondent/appellee, the Tennessee Board of Paroles ("Board"), to revoke petitioner's parole. The facts out of which this matter arose are as follows.

The Board paroled petitioner on 4 April 1995. Petitioner went to a job interview during the week of 17 April 1995. The employer offered petitioner a job contingent upon his successfully completing a physical and a drug screen. The results of the drug screen were positive for cocaine.

On 4 May 1995, officers arrested petitioner for disorderly conduct. Upon a motion of the State, the General Sessions Court of Henry County dismissed the charges against petitioner. The basis of the motion was that the State did not wish to go to the expense of having to proceed with prosecution.

The parole certificate signed by petitioner on 4 April 1995 contained language that he would abide by the conditions of his parole. One of those conditions was that he would not use illegal drugs and would submit to drug testing if required. A second condition was that he would not be arrested while on parole. As a result of the positive drug screen, the arrest, and petitioner's failure to obey the law, petitioner's parole officer issued a parole revocation warrant.

At a preliminary parole hearing on 29 June 1995, the parole hearing officer found probable cause on all counts. Petitioner was represented by counsel at the preliminary hearing. In July 1995, the Board held a parole revocation hearing. Once again, petitioner was represented by counsel. The hearing officer dismissed the count involving the arrest for disorderly conduct at the request of petitioner's parole officer. The hearing officer recommended to the Board that it revoke petitioner's parole until sentence expiration based upon violations of his parole certificate. At the time of the parole hearing, petitioner's sentence expiration date was 6 October 1997. The Board adopted the hearing officer's recommendations and revoked petitioner's parole on 1 August 1995.

In January 1996, petitioner filed the instant petition for writ of certiorari in the Chancery Court for Davidson County and sought a review of the Board's decision to revoke his parole. The Board moved to dismiss the petition asserting that it was outside the court's jurisdiction because it challenged the intrinsic correctness of the Board's decision. After considering the entire record, the chancellor granted the Board's motion and dismissed the petition in May 1996. Thereafter, petitioner filed a timely notice of appeal. The sole issue on appeal is whether the trial court properly dismissed the petition

for writ of certiorari finding that petitioner sought to challenge the intrinsic correctness of the Board's decision.

In the petition, petitioner complained that the hearing officer should not have considered evidence from the potential employer of the positive drug screen. At the hearing, however, neither petitioner nor his attorney objected to the introduction of this evidence. Petitioner now contends that the Board should not have considered the evidence because the evidence was inadmissible under *State v. Wade*, 863 S.W.2d 406 (Tenn.1993).

*Wade* and the instant case are easily distinguishable. In *Wade*, the inmate objected to the admission of a drug screen report at the beginning of his hearing, when the probation officer was testifying concerning the results, and at the conclusion of the proof. *Wade*, 863 S.W.2d at 409. Here, petitioner was represented by counsel and neither petitioner nor counsel voiced a single objection to the introduction of the evidence. By remaining silent at the revocation hearing, petitioner distinguished his case from *Wade* and waived any right to claim the introduction of the evidence was improper and subject to review by this court. *State v. Humphrey*, No. 01C01–9401–CR–00016, 1994 WL 235695, at *2 (Tenn.Crim.App. 2 June 1994).

It is also noteworthy to consider that the Board could have revoked petitioner's parole for a reason independent of the positive drug screen. As a condition of his parole, petitioner agreed to abide by all special conditions of parole and carry out all instructions of his parole officer. One of those special conditions was that he would receive a parole violation warrant for any arrest. Petitioner's arrest for disorderly conduct on 4 May 1995 was sufficient to support parole violation and revocation.

Petitioner does not allege nor is there any evidence to show that the Board acted illegally when revoking his parole. A parole revocation hearing is a much narrower inquiry than a criminal prosecution and evidence which may not be admissible at a criminal trial, such as letters and affidavits, may be considered at a parole hearing.

*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972).

In *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn.App.1994), this court held that the decisions of the parole eligibility Board were reviewable under the common law writ of certiorari but that:

[t]he scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell*, 879 S.W.2d at 873 (citations omitted). Here, petitioner presented no facts asserting that the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. He presented no facts warranting a review of the manner in which the Board reached its decision to revoke his parole. It is the opinion of this court that the chancery court correctly dismissed the petition, but that the court's basis for dismissal was erroneous. To explain, had petitioner presented facts in support of his charges, the petition would have alleged that the Board acted illegally. Instead, the petition failed to allege the facts necessary to support a claim of illegal conduct. In other words, the petition failed to state a claim upon which the court could grant relief. Thus, the court should have dismissed the petition on that ground.

For the foregoing reasons the judgment of the chancellor is affirmed at the cost of petitioner/appellant, James D. Sanders, and the cause is remanded to the chancery court for any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.