IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION

FILED

April 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9703-CC-00093 |
| | ) | BLOUNT COUNTY |
| | ) | |
| Appellee, | ) | Hon. D. Kelly Thomas, Jr., Judge |
| | ) | |
| vs. | ) | (PROBATION VIOLATION) |
| | ) | No. C-7795 |
| SCOTT ANDERSON, | ) | |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

LAURA RULE HENDRICKS
Eldridge, Irvine & Hendricks
606 West Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

RAYMOND MACK GARNER
District Public Defender

NATALEE HURLEY
Assistant Public Defender
415 High Street
Maryville, TN 37804

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

OPINION

The appellant, Scott Anderson, appeals as of right from the revocation of his probation by the Blount County Circuit Court. He argues that the trial court abused its discretion by permitting hearsay testimony during his revocation hearing and by failing to make adequate findings. We affirm the judgment of the trial court.

On September 13, 1993, appellant was indicted for inhaling or possessing paint for unlawful purposes, a Class A misdemeanor. On October 19, 1993 he entered a plea of guilty and received a sentence of eleven months twenty-nine days. The sentence was suspended and he was placed on supervised probation for eleven months twenty-nine days. The judgment order reflects that this sentence was run consecutive to the sentence received in case number C-7089 in the Blount County Circuit Court. On November 23, 1993, the trial court entered an additional order amending the judgment to reflect that appellant's time "be consecutive to his General Sessions cases and not to start on November 17, 1993."

On October 30, 1996, a probation violation warrant was issued, charging appellant with violating the terms of probation by failing to report to his probation officer, failing to reside at the address he had provided the officer, failing to report a change of employment, failing to attend GED classes, failing to obtain an alcohol/drug assessment, and failing to pay court costs and supervision fees. A revocation hearing was conducted February 24, 1997.

Probation officer Carolyn Brewer testified at the hearing that she met with appellant on August 12 and September 5, 1996. On August 12 he stated he would be living with his wife and son. On September 5, 1996 the appellant reported that he had moved to his mother's home. The appellant failed to report for his scheduled October 2 meeting, and the probation officer began searching for him. On October 3 Officer Brewer telephoned appellant's mother and was told that he did not live there and had not lived there since being

2

released from jail on August 1. Brewer also testified that the appellant never provided any confirmation that he had attended GED classes or completed a

drug alcohol assessment. Brewer also telephoned appellant's employer. The employer informed Officer Brewer that the appellant had reported to work for only two or three weeks and then had failed to report since that time. Brewer sent a letter to the appellant on October 9, informing him that his next appointment was scheduled for October 16. The appellant failed to appear for this scheduled appointment as well. The probation violation warrant was filed thereafter.

It is within the trial court's discretion to revoke an appellant's probation if it finds by a preponderance of the evidence that the appellant has violated a condition of his probation. Tenn. Code Ann. §§40-35-310, -311(d); State v. Mitchell, 810 S.W. 2d 733, 735 (Tenn. Crim. App. 1991). For an appellate court to reverse a trial court's revocation of probation, it must be demonstrated that the trial court has abused its discretion, and that the record contains no substantial evidence that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W. 2d 79, 82 (Tenn. 1991).

Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the appellant to commence the execution of the judgment as originally entered." Tenn. Code Ann. §40-35-311(d). See State v. Duke, 902 S.W. 2d 424, 427 (Tenn. Crim. App. 1995). Furthermore, when probation is revoked, "the original judgment so rendered by the trial court shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. §40-35-310 (1990).

In this case appellant claims he has been denied at least two important rights guaranteed him by the United States Supreme Count in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973), when a state attempts to remove his probationary status and have him incarcerated: (1) the right to confront and cross-examine adverse witnesses unless the hearing

3

officer specifically finds good cause for not allowing confrontations; and (2) a written statement by finder of fact as to the evidence relied on and the reasons for revoking the probation. See also Practy v. State, 525 S.W. 2d 677, 680 (Tenn. Crim. App. 1974).

Appellant first contends that the trial court abused its discretion in revoking appellant's probation because the court relied on hearsay evidence from the probation officer, thus violating his right of confrontation. Concerning the testimony about conversations between the probation officer and the appellant's mother and former employer, reliable hearsay is permitted to be introduced at probation revocation hearings, subject to the appellant's right to rebut. Tenn. Code Ann. §40-35-209(b); State v. Wade, 863 S.W. 2d 406, 408-410 (Tenn. 1993). The appellant in this case made no effort to correct any inaccuracies he may have perceived in the proof presented at the hearing. Further, the appellant did not object to the probation officer's testimony about those telephone conversations. He therefore waived his right to raise this issue on appeal. State v. Walker, 910 S.W. 2d 381, 396 (Tenn. 1995); Sanders v. Tennessee Board of Parole, 944 S.W. 2d, 395, 397 (Tenn. App. 1996).

The proof in this record is sufficient to support a finding that the appellant violated the terms and conditions of his probation. It is undisputed that he missed two required meetings with his probation officer. The probation officer's testimony about appellant's failure to report, failure to provide accurate information about the address at which he resided, failure to report a change of employment, failure to provide proof of attendance of GED classes, and failure to provide proof of obtaining an alcohol/drug assessment, is adequate to support a finding by a preponderance of the evidence that the appellant violated the terms and conditions of his probation. This issue is without merit.

Appellant's second issue concerns the trial court's failure to make adequate written findings. The State contends that the transcript of the court's oral findings do substantially comply with the procedural requirements.

4

See State v. Delp, 614 S.W. 2d 395, 398 (Tenn. Crim. App. 1980). The trial court's oral findings were brief, but specifically included references about what the appellant did not do, and that he "disappeared," which this court understands to refer to his failure to report to his probation officer. Although the findings in this case are not nearly as extensive as those of the trial court in Delp, we believe that the warrant for violation of probation, the authenticated

verbatim transcript, and the order of revocation, in combination, substantially comply with the requirement for a written statement of findings.  See State v. Jackie Crowe, No. 03C01-9606-CC-00225, McMinn County (Tenn. Crim. App., Knoxville, July 29, 1997).

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE


_____

5

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION


| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9703-CC-00093 |
| | ) | BLOUNT COUNTY |
| | ) | |
| Appellee, | ) | Hon. D. Kelly Thomas, Jr., |

**Judge**

**vs.**

**SCOTT ANDERSON,**

    **Appellant.**

)
)
)
)
)
)
)

**(PROBATION VIOLATION)**
**No. C-7795**

## <u>JUDGMENT</u>

_____Came the appellant, Scott Anderson, by counsel and also came the attorney general on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Blount County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Blount County for execution of the judgment of that court and for collection of costs accrued below.

Costs of this appeal will be paid by the appellant Scott Anderson for which let execution issue.

        **PER CURIAM**

        John H. Peay, Judge
        Paul G. Summers, Judge
        Cornelia A. Clark, Special Judge