William A. POWELL, Plaintiff/Appellant,

v.

**PAROLE ELIGIBILITY REVIEW BOARD, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section.

March 9, 1994.

Permission to Appeal Denied by Supreme Court June 20, 1994.

William A. Powell, pro se.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

This plaintiff in this case, an inmate of the Tennessee prison system acting *pro se*, sought judicial review of the action of the Parole Eligibility Review Board in refusing to grant him an earlier release eligibility date that he felt entitled to. The Chancery Court of Davidson County granted the State's motion to dismiss the case for lack of subject matter jurisdiction. We find the dismissal to be proper, but think the more appropriate ground to be failure to state a claim upon which relief can be granted.

### I.

The third felony conviction of appellant William Powell triggered the provisions of the habitual criminal statute, Tenn.Code Ann. § 39–1–801 (since repealed). He was accordingly tried on the charge of being a habitual criminal, convicted, and sentenced under that statute to life imprisonment.

In 1989, the Legislature totally revised the state criminal code. The Criminal Sentencing Reform Act replaced the drastic penalties associated with the triggering of the habitual criminal statute by a system where an individual was placed in a sentencing range according to the number of felony convictions in his criminal history. The system was designed to result in gradually increasing penalties for each successive conviction. Under the Reform Act, the minimum percentage of the sentence that a convicted felon would actually have to serve before being eligible for parole was also determined by his sentencing range. If Mr. Powell had been sentenced under the new law as a thrice convicted felon, he would have been eligible for parole far earlier than he was as a habitual criminal.

The Legislature recognized the disparity in treatment between those sentenced under the old law and those sentenced under the new. In 1992, it passed Tenn.Code Ann. § 40–35–601 which created the Parole Eligibility Review Board. The Board was authorized to reconsider the parole eligibility dates of prisoners convicted of non-violent crimes under the habitual criminal statute, and in appropriate cases, to grant an eligibility date comparable to that which the offender would have if he were convicted and sentenced under the Sentencing Reform Act of 1989.

The Board reviewed Mr. Powell's sentence, and calculated a release eligibility date for him of December 11, 2008. Mr. Powell requested that the Board recalculate the date, but on reconsideration, the Board affirmed the earlier decision. Mr. Powell then filed an action in the Chancery Court of Davidson County to review the Board's decision[1]. The court dismissed the action for lack of subject matter jurisdiction.

### II.

The Chancery Court's action was based on Tenn.Code Ann. § 40–35–602(c), which states "Those offenders granted an earlier release eligibility date shall be notified in writing of the board's decision, which is final and not subject to further review." We shall ignore the possible ambiguity involved in applying this section to the cases of offenders who are *not* granted an earlier release eligibility date, and move on to the scope of review that the courts might grant, notwithstanding the prohibitory language of the above-quoted section.

We think the situation of the Board is analogous to the situation once occupied by the Board of Claims. The legislature created the Board of Claims to hear claims against

---

1. Mr. Powell styled his pleading in the chancery court as simply a "Complaint." In the body of the pleading he alludes to Tenn.Code Ann. § 4–5–224 which provides that the courts may render a declaratory judgment on the "legal validity or applicability of a statute, rule or order of an agency to specified circumstances" when the declaration has been sought from the agency and the agency has refused to issue it. We do not think this case comes within that statute since Mr. Powell is not seeking a determination of the legal validity or applicability of a statute, rule, or order. We will treat the complaint as a request for any relief to which Mr. Powell might be entitled.

the state and provided that its decision would be final. After a long period in which the courts viewed the actions of the Board of Claims as unreviewable, *see Quinton v. Board of Claims,* 165 Tenn. 201, 54 S.W.2d 953 (1932) and *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868 (1956), the Supreme Court seemed to recognize that the fundamental fairness of the Board's decision would be subject to review under the common law writ of certiorari. *See Norman v. Board of Claims,* 533 S.W.2d 719 (Tenn.1976). In decisions following *Norman,* this court has assumed that the Supreme Court meant what it said. *Henry v. Board of Claims,* 638 S.W.2d 825 (Tenn.App.1982); *Yokley v. State,* 632 S.W.2d 123 (Tenn.App.1981).

The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State,* 632 S.W.2d 123 (Tenn.App.1981). Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. *Id.* At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

Applying these principles to this case, we hold 'that the plaintiff has not stated a cause of action for the issuance of the common law writ. Although he has stated his conclusions that the Board had exceeded its authority, failed to follow the statute, and violated the plaintiff's equal protection and due process rights, he has not alleged facts showing that he is entitled to relief. Taking all the factual allegations as true the plaintiff's complaint merely alleges that the Board made a mistake in calculating his release eligibility date. Thus, he attacks the *intrinsic correctness* of the decision, a question beyond the scope of review under the common law writ. *State ex rel McMorrough v. Hunt,* 137 Tenn. 243, 192 S.W. 931 (1917).

For these reasons we hold that the chancellor correctly dismissed the plaintiff's complaint. His decision is, therefore, affirmed and the cause is remanded to the Chancery Court of Davidson County for the collection of costs in the court below and any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.