# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | |
|---|---|
| JAMES JENNINGS,<br><br>     Petitioner/Appellant<br><br>VS.<br><br>CHARLES TRAUGHBER, ET AL,<br><br>     Respondent/Appellee. | )<br>)<br>) Davidson Chancery No. 94-3069-III<br>)<br>) Appeal No. 01A01-9509-CH-00390<br>)<br>)<br>)<br>)<br>) |

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE
### THE HONORABLE ROBERT BRANDT, CHANCELLOR

**FILED**

**March 6, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

**JAMES JENNINGS, pro se**
Clifton, Tennessee


**CHARLES W. BURSON**
**Attorney General and Reporter**

**EUGENE J. HONEA**
**Assistant Attorney General**
Nashville, Tennessee
Attorneys for Appellee


**REVERSED**


**ALAN E. HIGHERS, J.**


**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**


Petitioner James Jennings, an inmate at CCA-South Central Correctional Center

acting *pro se*, sought judicial review of the decision rendered by the Tennessee Board of Parole ("TBOP"), revoking Petitioner's parole, by common law writ of certiorari. The Chancery Court, Davidson County, granted the Motion to Dismiss filed by Respondent, Charles Traughber, Chairman, TBOP. Petitioner appeals the chancellor's decision.

In 1984, Petitioner was convicted and ordered to serve three concurrent fifteen year terms. In June, 1988, Petitioner was paroled to a New Jersey detainer where he was to serve the balance of his sentence. In 1990, the New Jersey authorities released Petitioner and placed him under the supervision of the TBOP. The TBOP permitted Petitioner to move to Indiana, where he was supervised by an Indiana Parole Officer, Pam Frederick.

In January, 1994, the TBOP certified that Petitioner was a fugitive. The TBOP requested that Petitioner be returned to Tennessee "for the purpose of revocation of his parole." On April 14, 1994, a parole revocation hearing was held. Petitioner's Parole Violation Report listed the following charges:

> 1. Petitioner pled guilty to the offense of reckless driving, a Class A Misdemeanor, on September 9, 1991, in St. Joseph County, Indiana. This was a violation of Parole Rule 2, which requires a parolee to obey the laws of the United States or any state, as well as any municipal ordinances.
>
> 2. The petitioner was allegedly in possession of a firearm on October 22, 1992, in violation of Parole Rule 4.
>
> 3. The petitioner failed to maintain steady employment in violation of Parole Rule 5.
>
> 4. The petitioner absconded his parole on or about November 12, 1992, by changing his residence and leaving the state of Indiana without the permission of his parole officer. This is a violation of Parole Rule 6.
>
> 5. The petitioner failed to report to his parole officer as instructed, in violation of Parole Rule 7.
>
> 6. The petitioner was arrested in South Bend, Indiana, on August 31, 1991, for the offenses of driving under the influence and speeding. Petitioner registered .16 on his blood alcohol test and pled guilty to reckless driving.

The hearing officer recommended that Petitioner's parole be revoked, but that Petitioner's case be considered again in October 1994. Additionally, the hearing officer recommended that Petitioner be granted credit for the time he was on parole.

On April 19, 1994, the TBOP Board revoked Petitioner's parole, declining Petitioner re-parole consideration for the remainder of his sentence. On April 27, 1994, the TBOP

2

rendered its final disposition in Petitioner's parole revocation hearing. Petitioner submitted a Request for Appeal Hearing on May 25, 1994. The TBOP gave Petitioner notice that his request for an appeal was denied on August 12, 1994. On October 11, 1994, Petitioner filed a petition for writ of certiorari in chancery court.

We first address a jurisdictional issue presented by the Appellee: Whether Petitioner failed to comply with T.R.A.P. 4, which requires that a party's notice of appeal be filed within thirty days of the entry of judgment from which the party appeals.

On February 7, 1995, Appellee filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1). Appellee argued that the chancery court did not have jurisdiction because Petitioner's petition for a writ of certiorari was not filed within 60 days, as required by T.C.A. § 27-9-102 (Michie 1980). Appellees also argued that Petitioner's writ sought review of the "intrinsic fairness" of the Board's decision, an action beyond the scope of the court's review under a common law writ of certiorari.

On February 27, 1995, the chancellor dismissed Jennings' writ of certiorari, agreeing with Respondent that the petition sought review which was beyond the scope of the writ. The chancellor found, however, that the petition was timely filed under T.C.A. § 27-9-102.

Petitioner filed a Motion to Alter or Amend Judgment, pursuant to Tenn. R. Civ. P. 59.04 (Michie 1995), on March 23, 1995. Under Rule 59.01 (Michie 1995), the filing of a motion to alter or amend extends the time for a party to file an appeal. The record does not contain Petitioner's Memorandum in Support of his Rule 59 motion; however, Appellee argues that the motion was frivolous and could not be relied upon to extend Petitioner's time to appeal. The chancellor found that the purpose of Petitioner's proposed amendment was to challenge the intrinsic fairness of the TBOP's decisions; a decision that is not subject to judicial review. Thus, in an order entered April 21, 1995, the chancellor denied Petitioner's Motion to Alter or Amend. Petitioner filed a Notice of Appeal with this Court on May 17, 1995.

3

From the record before us, it is not clear that Petitioner's Motion to Alter or Amend was either frivolous or filed for the purpose of delay. Even if the Motion was improper, Appellee does not cite, nor does our research reveal, any law that poorly written or unsupported motions under Tenn. R. Civ. P. 59 do **not** extend the time for filing a notice of appeal pursuant to T.R.A.P. 4. Accordingly, we hold that Petitioner's Notice of Appeal was timely filed and this case is properly before this Court.

Appellees present a second jurisdictional issue: Whether the petition for writ of certiorari was filed in the time prescribed by T.C.A. § 27-9-102.

Pursuant to the requirements of T.C.A. § 27-9-102, a petition for writ of certiorari must be filed within sixty days from the entry of the order or judgment from which the appeal is taken. Petitioner received notice on or about April 27, 1994, that the TBOP had revoked Petitioner's parole. On May 25, 1994, Petitioner filed a request for an appeal hearing. On or about August 12, 1995, Petitioner received notice that the TBOP denied his request for an appeal hearing. Petitioner filed a petition for writ of certiorari on October 11, 1994, more than five months after the TBOP informed Petitioner that his parole was revoked, but within 60 days after Petitioner received notice that the TBOP denied his request for an appeal hearing.

T.C.A. § 40-28-101 et seq. (Michie 1990) sets forth a uniform system of probation and parole regulations. T.C.A. § 40-28-105(d) (Michie 1990) provides that an inmate whose parole has been revoked may request appellate review by the TBOP. Appellate review is only granted for the following reasons:

> 1. If there is significant new evidence of information that was not available at the hearing. Requests based on the availability of new information must be accompanied by adequate documentation.
>
> 2. If there are allegations of misconduct by the hearing official.
>
> 3. If there are significant procedural errors by the hearing official.

Id. The statute states: "[T]he decision rendered after an appellate review [by the TBOP] will be final." Id.

4

In the present case, Petitioner's parole was revoked. Thus, Petitioner was entitled to submit, and did submit, a request for an appeal hearing, which the TBOP denied. Petitioner received notice that his request had been denied sometime after August 12, 1995. He filed a petition for writ of certiorari in chancery court within 60 days of receiving notice that the request for an appeal hearing had been denied, as the statute requires.

T.C.A. § 40-28-105(d) clearly states that a decision of the TBOP from which there lies a right of appeal is final after the board renders its decision on the appeal. Petitioner had a right to appeal his parole revocation. Thus, the decision of the TBOP revoking Petitioner's parole was not final until Petitioner exhausted the TBOP's review process. In this case, the TBOP's review process was exhausted when the TBOP informed Petitioner that it had denied his request for an appeal hearing; sometime after August 12, 1995. We hold that Petitioner's writ of certiorari, which was filed on October 11, 1995, was timely filed as required by T.C.A. § 27-9-102.

Petitioner presents the following issue for this Court's consideration: The chancellor erred in granting the Respondent's Motion to Dismiss, by citing that Petitioner was attacking the "intrinsic fairness" of the Board of Parole's actions.

Although Respondent's Motion to Dismiss was based on Tenn. R. Civ. P. 12.02(1), the basis upon which the trial court dismissed Petitioner's suit was Petitioner's failure to state a claim upon which relief can be granted. Such a motion "admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action." Cornpropst v. Sloan, 528 S.W.2d 188, 190 (Tenn. 1975). Thus, in reviewing the action of the lower court, we must "construe the complaint liberally in favor of the plaintiff [Petitioner herein] taking all of the allegations of fact therein as true." Huckeby v. Spangler, 521 S.W.2d 568, 571 (Tenn. 1975).

The purpose of judicial review by common law writ of certiorari is contained in T.C.A. § 27-8-101 (Michie 1980 & Supp. 1995), which provides, in pertinent part:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial function has exceeded the jurisdiction

5

> conferred, or is acing illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

The scope of review under the common law writ of certiorari is very narrow and covers

> only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily . . . . one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached.  If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

Powell v. Parole Eligibility Review Bd., 879 S.W.2d 871, 873 (Tenn. App. 1994).   Thus, the chancellor was correct in stating that the "intrinsic fairness" of the TBOP's decision is beyond the scope of review under the common law writ.  Id.   The question that remains is whether Petitioner has alleged facts which substantiate a claim that the TBOP acted arbitrarily, illegally, or fraudulently.

Jennings' Petition for Common Law Writ of Certiorari alleges that the TBOP arbitrarily revoked his parole based on Petitioner's conviction of a misdemeanor, reckless driving, in 1991.  Petitioner alleges that his Indiana parole officer informed the TBOP of this conviction in 1991, and that the TBOP decided not to revoke Petitioner's parole because of the misdemeanor offense.  Petitioner argues that the TBOP acted arbitrarily in using the misdemeanor offense as a basis of his parole revocation in 1994. Petitioner next alleges that the TBOP acted improperly by refusing to allow Petitioner both to cross-examine his Indiana parole officer and to provide his wife as a witness in his behalf.  Finally, Petitioner argues that Respondent Traughber's affidavit to the Governor shows that the TBOP decided to revoke Petitioner's parole before Petitioner's hearing took place.

Both the Tennessee Supreme Court and the United States Supreme Court have stated that parole revocation hearings are meant to be informal and do not afford "the full panoply of rights due a defendant." State v. Wade, 863 S.W.2d 406,  408 (Tenn. 1993). However, in a final revocation hearing, a parolee is entitled to the minimum requirements of due process, which include the following:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless a hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers

6

> or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

Id. (quoting Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62, 36 L. Ed. 2d 656 (1973)).

The ultimate question in this appeal is whether the chancellor erred in granting Respondent's Motion to Dismiss. Construing the Petition liberally and taking all allegations of fact therein as true, we find that the Petition presents a valid claim that the TBOP acted in an arbitrary manner in rendering its decision. The common law writ of certiorari is properly granted where a board exercising a judicial function acts illegally. T.C.A. § 27-8-101. Accordingly, the judgment of the chancellor granting Respondent's Motion to Dismiss is reversed. This case is remanded to the lower court for further proceedings consistent with this opinion. Costs are taxed to the State of Tennessee, for which execution may issue, if necessary.

_____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
LILLARD, J.

7