EDWARD HOUSER, )
)
        Petitioner/Appellant, )        Appeal No.
)        01-A-01-9610-CH-00483
v. )
)        Davidson Chancery
CHARLES TRAUGHBER, )        No. 96-521-III
TENNESSEE BOARD OF )
PAROLES, )
)
        Respondents/Appellees. )

**FILED**

**February 26, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

EDWARD HOUSER, Pro Se
Turney Center Prison
RR # 1 # 111-625
Only, Tennessee 37140-9709


CHARLES W. BURSON
Attorney General & Reporter

BRENDA RHOTON LITTLE
Suite 511, Cummins Station
209 10th Avenue, South
Nashville, Tennessee 37203
        ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# O P I N I O N

This is an appeal by petitioner/appellant, Edward Houser, from the chancery court's judgment dismissing his petition for writ of certiorari which sought review of the Tennessee Board of Parole's January 1996 decision denying petitioner parole.

Petitioner entered a guilty plea to aggravated rape of his seven year old nephew on 12 August 1986 and was sentenced to twenty years. A parole hearing was held on 8 January 1996. Following the hearing, the parole officer recommended the Board decline parole because of the "seriousness of the offense" and that "psych does not tract language of T.C.A. 40-35-503(c)(2)." On 21 January 1996, the Board modified the hearing officer's recommended review date of January 1998 to a review date in January 1999 and declined Petitioner's parole based on the "seriousness of the offense" and "high risk."

Petitioner filed a writ of certiorari in the Davidson County Chancery Court on 16 February 1996. Respondents filed a motion to dismiss on 23 April 1996. Respondents claimed that Petitioner failed to state a claim upon which the court could grant relief. In addition to the motion, Respondents filed an affidavit[1] and a memorandum of law. The trial court dismissed the petition after finding: "The petitioner asserts several grounds, none of which would authorize this court to reverse a decision of the Board of Paroles." Thereafter, Petitioner filed a timely notice of appeal to this court. Petitioner contends that the trial court improperly dismissed his petition for writ of certiorari on the ground that it was not subject to judicial review.

Petitioner alleged that Respondents violated many of his constitutional rights and that they acted arbitrarily in denying him parole. He also alleged that he was "challeng[ing] the process employed by the Parole Board, the Defendants, Respondents, rather than the results reached." Read in its entirety, the petition does nothing more than allege the Board erred when it denied petitioner parole. This in

---

[1]When an affidavit is filed with a motion to dismiss, a court may concert the motion into one for summary judgment by failing to exclude matters outside the pleadings. *Knierman v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). In this case, the trial court could not have converted the motion even if it considered the affidavit because the affidavit did not contain any matters outside the pleadings. All of the information contained in the affidavit was included in Petitioner's writ and the exhibits thereto. *See Kosloff v. State Auto. Mut. Ins. Co.,* ch. App. No. 89-152-II, 1989 WL 144006, at *2 (Tenn. App. 1 Dec. 1989)(quoting 5 C. Wright & A. Miler, Federal Practice and Procedure § 1366, at 681-82(1969)).

itself is not a violation of Petitioner's constitutional rights. *See* Tenn. Code Ann. § 40-35-503(b)(Supp. 1996)(providing that "[r]elease on parole is a privilege and not a right"); ***Greenholtz v. Inmates of the Neb. Penal and Correctional complex***, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668, 675 (1979)(holding that prisoners have no constitutional or inherent right to conditional release prior to the expiration of a valid sentence).

Despite Petitioner's allegation to the contrary, he is asserting nothing more than a challenge to the intrinsic correctness of the Board's decision. Such an attack is outside the jurisdiction of the reviewing court. This court has held that decisions of the Board are reviewable under the common law writ of certiorari, but that the scope of review is limited.

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. . . . At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

***Powell v. Parole Eligibility Review Bd.,*** 879 S.W.2d 871, 873 (Tenn. App. 1994).

The intrinsic correctness of a decision is beyond the scope of review under the common law writ. *Id.* at 873. Here, Petitioner presents no facts asserting that the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. He presents no facts warranting review of the manner in which the Board reached its decision to deny him parole. The trial court properly dismissed the petition because Petitioner was seeking to have the court review the intrinsic correctness of the Board's decision.

It therefore results that the judgment of the chancellor is affirmed, and the cause is remanded to the chancery court for any further necessary proceedings. Costs on appeal are assessed against petitioner/appellant, Edward Houser.

_____
SAMUEL L . LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE