IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

## KENNETH R. LEWIS v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 99-2491-I      Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2000-00675-COA-R3-CV - Filed May 2, 2001**

_____

Appellant, a Department of Corrections inmate, appeals the dismissal of his petition for a writ of certiorari relative to disciplinary action by the TDOC resulting from a positive drug screen. We affirm the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J. joined.

Kenneth R. Lewis, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General and Terri L. Bernal, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### MEMORANDUM OPINION[1]

Kenneth R. Lewis, an inmate of the Tennessee Department of Corrections, filed pro se his petition for a writ of certiorari in the Chancery Court of Davidson County. The record shows that on June 17, 1999, he, along with nine other inmates, were drug tested by urine specimen, with his specimen returning positive for benzodiazepine. A disciplinary hearing was held on June 28, 1999, resulting in a finding of guilty and the imposition of five days in punitive segregation with visitation

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

rights barred for six months package withholding for a period of six months and the imposition of a $21.50 lab test fee.[2] This decision was appealed to Warden James Bowlin and on July 2, 1999, the warden denied the appeal. Further, his appeal to the Commissioner of the Department of Corrections, was denied on July 28, 1999 and Petitioner filed this application for writ of certiorari.

On March 1, 2000, the chancellor granted a Rule 12.06 T.R.C.P. motion to dismiss for failure to state a claim upon which relief can be granted. In reaching this conclusion, the chancellor pointed out the limited scope of review available under the common law writ of certiorari and that Petitioner had asserted no facts to indicate that the board had exceeded its jurisdiction, or acted illegally, fraudulently, or arbitrarily. His attack is based upon the intrinsic evidence before the board relative to the possible contamination of the drug screen.

We affirm the holding of the chancellor on two grounds.

First of all, when a writ of certiorari is pursued under Tennessee Code Annotated section 27-8-101, the scope of review is very narrow. This Court held in *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 that the scope of review on appeal under a common law writ of certiorari "covers only an inquiry into whether the board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as 'arbitrary and capricious' will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional and lawful manner, then the decision will not be subject to judicial review." 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

The record before the Court shows that Mr. Lewis was afforded a hearing before the disciplinary board on June 28, 1999, and was found guilty. He promptly appealed to the warden who upheld the disciplinary board stating "conviction affirmed based on the official lab report that inmate Lewis' urine tested positive for benzodiazipine. The clinic confirmed that Inmate Lewis is not taking any medication that would have affected the drug screen. Staff are not required to change gloves for each sample taken. I find no due process violation." This disposition of appeal was signed by Warden J. A. Bowlin on July 2, 1999.

This disciplinary action was upheld by Jim Rose, Assistant Commissioner, on July 28, 1999.

The petitioner neither alleges nor proves facts indicating that the board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily in reaching its conclusions.

The 12.06 Motion to Dismiss was properly granted under *Powell*.

---

[2] Both in his petition for certiorari and in his brief on appeal petitioner asserts that he suffered a loss of one month of "good time." The record before the Court does not establish that such loss of "good time" credits was imposed upon him.

To the extent that the petition can be construed to assert due process violations, the punishment inflicted upon the petitioner does not rise to the level necessary to implicate due process consideration under *Sandin v. Conner*, 115 S.Ct. 2293, 2301; 515 U.S. 472; 132 L.Ed.2d 418 (1995). The disciplinary action involved does not impose "atypical, significant deprivation" under *Sandin* and thus does not rise to a level where due process rights would be implicated. *Davis v. Rose*, 1997 WL 83671 (Tenn. Ct. App. Feb. 28, 1997); *Dotson v. Tennessee Department of Corrections*, 1999 WL 43045 (Tenn. Ct. App. June 29, 1999).

The action of the chancellor is in all respects affirmed and costs are assessed to Petitioner, Kenneth R. Lewis.

<br>

_____
WILLIAM B. CAIN, JUDGE