IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief May 6, 2002

## VICTOR R. WINGO v. TENNESSEE DEPARTMENT OF CORRECTION

Direct Appeal from the Chancery Court for Lauderdale County
No. 11,925    Martha B. Brasfield, Chancellor

No. W2002-00312-COA-R3-CV - Filed June 7, 2002

Petitioner, an inmate in custody of the Tennessee Department of Correction, filed a petition for writ of certiorari seeking judicial review of a disciplinary hearing wherein the inmate was found guilty of assault and strong arm activity and received a deduction of one-year in good time and was upgraded to maximum security. The trial court granted respondent's motion to dismiss for failure to state a claim. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Victor Wingo, *Pro Se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General and Mark A. Hudson, Senior Counsel, for the appellee, Tennessee, Department of Correction.

### OPINION

The petitioner, Victor Wingo, filed a "Petition for Certiorari and Supersedeas" wherein it is alleged that he was charged with two separate offenses while being housed at the West Tennessee State Prison. The petition further cites that he was charged with assault and strong-arm activity and received a deduction of one-year in good time and was upgraded to maximum security. The Respondent filed a motion to dismiss pursuant to Rule 12.02 Tenn. R. Civ. P. for failure to state a claim upon which relief may be granted. The trial court granted the motion to dismiss and this appeal resulted.

Our scope of review is under the common law writ of certiorari, which in this case covers an inquiry only into whether the respondent has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); *see also Buford v. Tennessee Dep't of Corr.*, M1998-00157-COA-R3-CV, 1999

Tenn. App. LEXIS 755, at *3 (Tenn. Ct. App. Nov. 10, 1999)(*no perm. app. filed*). The purpose of a rule 12.02 motion to dismiss is to test the legal sufficiency of the complaint or petition. The trial court's ruling is determined by an examination of the petition alone. The reviewing court should take all the well pleaded material factual allegations as true, and construe the petition liberally in the petitioner's favor. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992). If the court finds that such facts do not constitute a cause of action, it should dismiss the petition. *Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). The grant or denial of the writ is within the sound discretion of the trial court. *Boyce v. Williams*, 398 S.W.2d 272 (Tenn. 1965).

The petition filed in this matter states in pertinent part as follows:

> Petitioner is much aggrieved by determinations made in said case by Commissioner Donal Campbell on the 22nd day of November, 2000. Petitioner was charged with two separate offenses while being housed at the West Tennessee State Prison in Henning. Petitioner was charged with Assault and Strong Arm Activity and received a deduction of a year in good time and was upgraded to maximum security as well. Said determination of the Commissioner is erroneous because the law and the facts are not as found by said Commissioner. Petitioner has been deprived of due process of law by the nature of the alleged hearing and the procedure therein and deprived of a valuable liberty right without due process in violation of the Constitution of the United States of America and the Constitution of the United States. The Tennessee Department of Correction acted unreasonably and arbitrarily in this matter, and its decision was not based upon competent and credible evidence, but upon hearsay testimony and irrelevant and immaterial evidence.

> Petitioner would further show that the actions of the Tennessee Department of Correction regarding punishment for the alleged violations by revocation of Petitioner's good time credits and placement into maximum security is unduly harsh and manifestly unfair and unreasonable under the facts and circumstances involved and that the degree of punishment is not consistent with other actions of the Tennessee Department of Correction for offenses by other parties. Moreover, the hearings provided by the Tennessee Department of Correction did not comport with the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974) and its progeny.

> Petitioner further charges that he has been damaged and will be irreparably damaged and deprived of a valuable liberty right without the benefit of a fair, complete, and impartial hearing by the action of Respondent unless this Court restrains Respondent from proceeding further with the penalty imposed upon Petitioner. Petitioner avers that the general counsel for the Tennessee Department of Correction has been given notice.

The scope of review under a common law writ of certiorari does not involve an inquiry into the intrinsic correctness of the decision of the tribunal below, but only as to whether the tribunal has exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. *See Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct App. 1994); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981)(*no perm. app. filed*). Mere conclusary statements are not sufficient to survive a motion to dismiss for failure to state a claim, but the petition must allege facts showing that the petitioner is entitled to relief. *Powell*, 879 S.W.2d at 873.

The petition before us alleges that "determination of the commissioner is erroneous because the law and the facts are not as found by the commissioner. The Tennessee Department of Correction acted unreasonably and arbitrarily in this matter, and its decision was not based upon competent and credible evidence, but upon hearsay testimony and irrelevant and immaterial evidence." Taking these alleged facts as true, Petitioner merely attacks the intrinsic correctness of the disciplinary board's judgment. Such a claim cannot be considered under the common law writ of certiorari. *See Harris v. Hensley*, M1999-00654-COA-R3-CV, 2000 Tenn. App. LEXIS 318, at *11 (Tenn. Ct. App. May 17, 2000). Conclusary allegations of illegality or arbitrariness, or of bias or other due process violations, are not sufficient to avoid dismissal of a petition for writ of certiorari. *Davis v. Campbell*, 02A01-9611-CV-00268, 1997 Tenn. App. LEXIS 910, at *10 (Tenn. Ct. App. Dec. 18, 1997)(*no perm. app. filed*).

The petition further alleges that "petitioner has been deprived of due process of law by the nature of the alleged hearing and the procedure therein and deprived of a valuable liberty right without due process in violation of the Constitution of the United States of America and the Constitution of the United States." It is further alleged that the actions of the Department "regarding punishment for the alleged violations by revocation of Petitioner's good time credits and placement into maximum security is unduly harsh and manifestly unfair and unreasonable . . . . Moreover, the hearings provided by the Tennessee Department of Correction did not comport with the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974) and its progeny."

The Due Process Clause of the United States Constitution requires that prisoner's subject to disciplinary proceedings be given: (1) Written notice of any charges made against the prisoner at least twenty-four (24) hours before the hearing is held; (2) the opportunity to present witnesses; (3) an impartial tribunal; and (4) a written statement from the tribunal indicating what evidence the fact-finder relied upon and the reasons for the disciplinary actions taken. *See id.* at 556. In *Wolff*, the court recognized that the unique requirements of prison life necessarily involved the loss by prisoners of many rights afforded to citizens not incarcerated. The court established the minimal constitutional requirements which must be met in prison disciplinary proceedings as set forth above. *Id.* at 564-66. The Supreme Court later limited the application of *Wolff*, holding that a prisoner's liberty or property interest is not sufficient to trigger due process in a number of situations where disciplinary sanctions are imposed. An inmate is only entitled to the limited due process rights provided in *Wolff*, when the sanctions imposed "atypical and significant hardship on the inmate in relation to the ordinary incident[s] of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995). The court held that persons incarcerated pursuant to a valid conviction are not entitled to

constitutional due process in prison disciplinary procedures that result in brief periods of disciplinary segregation, and determine that 30 days was a brief period. A prisoner has a property interest in accumulated or already earned good and honor time credits. ***See Greene v. Tennessee Dep't of Corr.***, 01A01-9608-CH-00370, 1998 Tenn. App. LEXIS 461, at *3 (Tenn. Ct. App. July 10, 1998)(***no perm. app. filed***). However, the petition fails to allege any facts to support the allegations that petitioner was deprived of the process due him under the decision of ***Wolff v. McDonnell***, 418 U.S. 539 (1974).

Having examined Mr. Wingo's petition, we do not find any facts to indicate that the Department of Correction or the Disciplinary Board has exceeded its jurisdiction, or has acted illegally, fraudulently, or arbitrarily. Therefore, we affirm the trial court's dismissal of the petition for failure to state a claim upon which relief can be granted. Costs of this appeal are taxed to the appellant, Victor Wingo, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE