IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 30, 2002

## RANDY HENSLEY v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 01-1965-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M2001-02343-COA-R3-CV - Filed March 4, 2003**

_____

An inmate in a correctional institution sought a review of the punishment imposed by a disciplinary committee after finding that the inmate tested positive for drugs and attempted to alter a drug screen. The Chancery Court of Davidson County dismissed the petition for certiorari because the punishment alleged was not atypical or did not result in significant hardship to the petitioner. Therefore, the petition did not state a claim on which relief could be granted.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN,J., joined.  WILLIAM C. KOCH, JR., J. filed a concurring in part and dissenting in part opinion.

Randy Hensley, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

Randy Hensley filed a petition for a writ of certiorari on June 20, 2001, alleging that while he was incarcerated at the Northeastern Correctional Complex in Mountain City, he was accused of failing a drug test and attempting to bring pressure on the laboratory to falsify the results.  Following a hearing, the disciplinary committee found him guilty of both infractions and gave him five days in punitive segregation, took away his visitation privileges for six months, took away his  package privileges for six months, charged him seventeen dollars for the drug test, and fined him four dollars. According to the petition, the petitioner's urine sample got mixed up with someone else's and that several actions taken at his hearing deprived him of a fair hearing.

The Department of Corrections moved to dismiss under Tenn. R. Civ. P. 12.02(6), for failure to state a claim. The trial judge granted the motion.

**II.**

This court has held that the statutory writ of certiorari is not available to review actions of a prison disciplinary proceeding. *Buford v. Tennessee Department of Correction*, No. M1998-00157-COA-R3-CV, slip op. at 8 (Tenn. Ct. App. Nov. 10, 1999). The trial judge so held in this case and we affirm that holding on appeal.

Under the common law writ the courts are only interested in whether the lower tribunal acted arbitrarily, illegally, or in excess of its jurisdiction. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). In this case there is no allegation that the disciplinary committee acted arbitrarily or exceeded its jurisdiction. In fact, the petitioner attached to the petition copies of the record showing that he was notified of the charges against him on May 18, 2001, that he was given a hearing on May 30, 2001, and that the findings of the committee were based on evidence offered at the hearing.

Therefore, the only allegation that would justify issuing the writ is the petitioner's allegation that the hearing was fundamentally unfair and deprived him of his right to due process. In order to prevail with this claim, the petitioner must demonstrate that the conduct of the prison officials has imposed atypical and significant hardships on him that are not ordinarily incident to prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).[1]

The petitioner does not argue that the punishment handed down is atypical or unduly harsh in a prison setting. Nor does he argue that the punishment was inconsistent with applicable prison regulations. He does assert, however, that his prison discipline may have a catastrophic effect on his chances for parole. But the fact that the disciplinary proceedings may have a negative implication on his chances for parole is insufficient to create a liberty interest protected by due process. *See McGowan v. Vance*, No. 99-5975, slip op. at 5-6 (6th Cir. Apr. 28, 2000); *Drummer v. Luttrell*, 75 F. Supp.2d 796, 802 (W.D. Tenn. 1999).

---

[1]Although the U.S. Supreme Court's ruling in *Sandin v. Conner* seems to preclude Mr. Hensley's exercise of due process rights in regard to punitive segregation and other conditions of his confinement, two recent decisions by this court have held that inmates are entitled to due process in disciplinary proceedings before they can be deprived of a protected property interest. *Hedges v. Tennessee Dept. of Correction,* No. M2002-00140-COA-R3-CV and *Jeffries v. Tennessee Dept. of Correction*, No. M2001-02300-COA-R3-CV (both filed December 31, 2002). Thus, Mr. Hensley might have been entitled to prevail on his due process argument in regard to the $17 charge for the drug test and the $4 fine. But he did not raise that issue at trial or on appeal, and thus we need not consider it.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Randy Hensley.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.