# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 21, 2014 Session

## J. JASON TOLLESON v. TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE, ET AL.

### Appeal from the Chancery Court for Davidson County
#### No. 131677II    Carol L. McCoy, Chancellor

### No. M2014-00439-COA-R3-CV - Filed January 13, 2015

Employee of a contractor of alarm systems applied to be registered with the Alarm Systems Contractors Board. When his application was denied, the employee filed a petition for writ of certiorari seeking review of the Board's decision; on the Board's motion, the trial court dismissed the petition pursuant to Tenn. R. Civ. P. 12.02(6). Finding that the petition alleges sufficient facts to establish a right to certiorari review, we reverse the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

William T. Ramsey and Blind Akrawi, Nashville, Tennessee, for the appellant, J. Jason Tolleson.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Walen, Acting Solicitor General; and Cristin Faith Hambridge, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Commerce and Insurance, Alarm Systems Contractors Board.

## OPINION

## I. FACTUAL AND PROCEDURAL HISTORY

J. Jason Tolleson was registered with the Alarms Systems Contractors Board ("the Board")[1] as an employee of Guardian Security Systems, Inc., an alarm systems contractor, in 2001; his registration expired in 2005 because it had not been renewed as required by Tenn. Code Ann. §62-32-317.[2] When he realized that he was no longer registered, Mr. Tolleson submitted a new application, which was denied on October 4, 2013; he requested and was granted a hearing before the Board. At the hearing, the Board voted to deny the application.

Mr. Tolleson filed a petition for writ of certiorari seeking review of the decision of the Board to deny his application. The Board filed a Tenn. Rule Civ. P. 12.02(6) motion to dismiss the petition, contending that "[Tolleson could] not challenge the intrinsic correctness of the decision of an administrative board through a petition for writ of certiorari." Following a hearing on the motion, the court granted the motion and dismissed the petition stating:

> [T]he Petition fails to allege facts which would support a determination that Petitioner is entitled to relief available under the common law writ. Petitioner's allegation that the Board's denial of his application is not supported by the evidence is an attack on the intrinsic correctness of the decision which is beyond the scope of review.

On appeal, Mr. Tolleson contends that the petition contained sufficient factual allegations to state a claim for relief.

## DISCUSSION

Judicial review of a decision of an administrative body is by way of common law writ of certiorari. *See* Tenn. Code Ann. §27-8-101. The review "does not look to the intrinsic

---

[1] The Alarms Systems Contractors Board, established as part of the Alarm Contractors Licensing Act of 1991, Tenn. Code Ann. § 62-32-301, *et seq*., governs the licensing, certification, and registering of alarm system contractors, employees of alarm systems contractors, and qualifying agents. *See* Tenn. Code Ann. § 62-32-306(a).

[2] Tenn. Code Ann. § 62-32-317(a) provides that "[e]ach certification, license or registration granted by the board shall expire on the last day of the twenty-fourth month following its issuance or renewal and shall become invalid on that date unless renewed."

correctness of the administrative decision but to the procedure in which the decision was reached." *Polite v. Metro. Dev. & Hous. Agency*, 2008 WL 3982915, at *2 (Tenn. Ct. App. Aug. 26, 2008) (citing *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)). The action of the administrative body may be reversed or modified only upon a determination that the action was: (1) in violation of constitutional or statutory provisions; (2) in excess of statutory authority; (3) the result of an unlawful procedure; (4) arbitrary or capricious; or (5) unsupported by material evidence. *Demonbreun v. Metro. Bd. Of Zoning Appeals*, 206 S.W.3d 42, 46 (Tenn. Ct. App. 2005) (citing *Massey v. Shelby County Retirement Bd.*, 813 S.W.2d 462, 464 (Tenn. Ct. App. 1991)).

A Tenn. R. Civ. P. 12.02(6) motion seeks to determine whether the pleadings state a claim upon which relief may be granted; the motion challenges the legal sufficiency of the complaint. *Highwoods Properties, Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). The resolution of a Rule 12.02(6) motion is determined by an examination of the pleadings alone, *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); the motion should be granted "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)). In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007) (quoting *Trau–Med of America, Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn.2002)).

The determination of whether the pleading states a claim for relief is the same when the proceeding is one seeking certiorari review. *Metro. Gov't of Nashville Davidson Cnty. v. Bd. of Zoning Appeals of Nashville*, 2014 WL 4364852 (Tenn. Ct. App. Sept. 3, 2014). In reviewing the trial court's ruling on the Tenn. R. Civ. P. 12.02(6) motion, we accept as true the factual allegations of the complaint and review the legal conclusions *de novo*. *Brown*, 328 S.W.3d at 855.

In our resolution of this appeal, we have determined that the following allegations in the petition are most pertinent:

3. Petitioner was previously registered by the Board as an employee of Guardian Security Systems, Inc. ("Guardian").
4. Petitioner was first registered by the Board in or around 2001.

3

5. Petitioner's employee registration was renewed during the appropriate renewal periods as required by Board rules.

6. Subsequently, in or around 2005, Guardian mistakenly failed to renew Petitioner's application for employee registration by forwarding the renewal fees to the Board.

7. Thus, when Petitioner became aware that he was no longer registered, he submitted a new application for employee registration.

8. Petitioner believed that he was a registered employee under the Board's rules at all times while employed by Guardian, until Guardian received a cease and desist letter advising that Petitioner was not a registered employee. Upon notice, Petitioner immediately ceased operations that would violate Board rules and sought to become re-registered with the Board.

9. Petitioner's application for employee registration was denied on October 4, 2013.

***

11. A hearing was conducted before the Board on November 14, 2013.

12. At the hearing, a split Board denied Petitioner's application determining Petitioner is not of good moral character pursuant to Tenn. Code Ann. § 62-32-303(9)(B)(i).

***

15. Petitioner's application for employee registration was denied before the Board on November 14, 2013.

16. The basis for the Board's denial was Tennessee Code Annotated sections 62-32-312(e)(2) and 62-32-303(9)(A)&(B).

***

19. None of the factors that would provide prima facie evidence that an applicant is not of good moral character apply to Petitioner.

20. While previously licensed in good standing by the Board, Petitioner immediately advised the Board of his criminal indictments in 2003.

21. None of the offenses Petitioner was indicted under in 2003 are a basis to determine Petitioner is not of good moral character as defined in Tenn. Code Ann. §62-32-303.[3]

22. Despite knowledge of his criminal indictments, the Board took no action against Petitioner's license in 2003.

Mr. Tolleson submitted his application in accordance with Tenn. Code Ann. §62-32-312, which sets forth the requirements and procedures for employees of alarm systems contractors to become registered. Tenn. Code Ann. §62-32-312(e) states:

---

[3] The petition does not state the offense of which Mr. Tolleson was convicted or his sentence.

Upon receipt of an application, the board shall cause an FBI/TBI background investigation to be made, during which the applicant shall be required to show that the applicant meets all the following requirements and qualifications, prerequisite to registration or licensure:

(1) The applicant is at least eighteen (18) years of age;

(2) The applicant is of good moral character[4]; and

(3) Registration of an employee shall be for two (2) years and shall be subject to renewal.

The Board asserts in its brief that "Mr. Tolleson's allegation that the Board acted in violation of the statutory provision because his felony conviction was not an enumerated offense is a conclusory allegation that the Court is not required to accept." We do not agree with the Board's characterization of the allegations of the petition, indeed we fail to see the specific allegation referenced by the Board. A fair reading of the petition shows that Mr. Tolleson is seeking a review of the manner in which the Board reached its decision, including the sufficiency of the evidence to support the same, within the standards applicable to certiorari review. Paragraphs 12, 16, 19 and 21 allege specific facts sufficient to support a claim that the Board acted arbitrarily and without a factual basis for the decision. Tenn. Code Ann. § 62-32-312(e), in conjunction with § 62-32-303(9)(B)(i), puts the burden upon the Board to establish lack of good moral character; thus, the processing of Mr. Tolleson's application is more than a ministerial task, and the manner in which the decision to deny was reached and the sufficiency of the evidence to support the Board's decision cannot be

---

[4] Tenn. Code Ann. § 62-32-303 defines terms used in the Alarm Contractors Licensing Act of 1991. Tenn. Code Ann. § 62-32-303(9)(A) defines "good moral character" as "an individual with high legal, moral and ethical values"; § 62-32-303(9)(B)(i) states that the following "shall be prima facie evidence that an individual does not have good moral character":

(a) Conviction by any local, state, federal or military court of any crime involving the illegal use, possession, sale, manufacture, distribution or transportation of a controlled substance, controlled substance analogue, drug or narcotic;
(b) Conviction of a crime involving felonious assault;
(c) Conviction of a crime involving unlawful breaking or entering, burglary, larceny or arson;
(d) Conviction as an habitual criminal; or
(e) An addiction to alcohol or a narcotic drug.

5

insulated from court review. *See Demonbreun*, 206 S.W.3d at 46 ("If there is no evidence to support an action of an administrative board, it is arbitrary." (citation omitted)).

For the same reasons, we disagree with the Board's contention that the petition is "insufficient to survive a motion to dismiss" because it failed to state the nature of the felony, "a fact from which a reviewing court could determine for itself whether the Board acted outside of its statutory authority." We fail to see how including the felony would have added to the determination of whether the petition, as written, stated a claim for review.

## CONCLUSION

For the foregoing reasons, we reverse the order dismissing the petition for writ of certiorari and remand the case for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE

6