**Melvin J. FLOWERS, Appellant,**

v.

**Charles TRAUGHBER, et al., Chairman, Board of Paroles; Jim Dickman, Warden, Nashville Community Service Center, Appellees.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 14, 1995.

Permission to Appeal Denied by Supreme Court Nov. 11, 1995.

Cheryl J. Skidmore, Kelly & Associates, Hendersonville, for Appellees.

Charles W. Burson, Attorney General and Reporter and Merrilyn Feirman, Assistant Attorney General, Criminal Justice Division, Nashville, for Appellant.

## OPINION

WELLES, Judge.

This is an appeal from an order of the trial court dismissing a petition for Writ of Habeas Corpus. The trial court dismissed the action, finding that it "states no claim that would allow this court to grant this petitioner any remedy under the habeas corpus stat- utes." Although we view the petition in a manner somewhat differently than the trial court, we affirm the order dismissing the petition.

The petition was filed in the Circuit Court for Davidson County, Tennessee. It was styled "Petition for Writ of Habeas Corpus Pursuant to TCA 29–21–101." It named as defendants the Tennessee Department of Correction, Warden Jim Dickman, the Ten- nessee Board of Paroles, each member of the Board of Paroles, and the Executive Director of the Board of Paroles. The petition alleges essentially that the Board of Paroles acted arbitrarily and capriciously in refusing to grant the petitioner parole on September 4, 1991, September 9, 1993, and November 30, 1993. Although the petition is not well draft- ed, it is apparent that it seeks review of or relief from the action of the Board of Paroles in denying the petitioner release on parole.

■ The writ of habeas corpus, codified at Tennessee Code Annotated sections 29–21– 101 to 130 is to be issued only in the case of a void judgment or to free a prisoner held after the term of imprisonment has expired. Tenn.Code Ann. § 29–21–101 (1980); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992). It is clear from this record that the petitioner is not entitled to habeas corpus relief, and he does not so argue on appeal.

■ The petitioner argues on appeal that the trial court had the duty "to transfer this cause to the Davidson County Chancery Court to be reviewed as a common law writ of certiorari." The petition states "in the alternate, jurisdiction of this court is invoked pursuant to T.C.A. § 29–9–101 in that Flow- ers has been aggrieved by a final judgment of the Tennessee Board of Paroles." In its order of dismissal, the trial court correctly stated that this statute addresses contempt of court. We believe that the petitioner was attempting to reference Tennessee Code An- notated section 27–9–101 dealing with review of actions of boards or commissions.

■ It is clear that the trial court could have treated the petition as one for a writ of certiorari. A trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief

sought. *Norton v. Everhart,* 895 S.W.2d 317, 319 (Tenn.1995). We are not convinced that it was necessary for the Davidson County Circuit Court to transfer this case to the Davidson County Chancery Court so that the petition could be addressed on its merits.[1] If a transfer was necessary, the trial court had specific statutory authority to do so.[2]

The petition in the case *sub judice* was filed on June 14, 1994, more than six months subsequent to the most recent parole board decision for which the petitioner sought review. Parole Board decisions are reviewable only by a petition for writ of certiorari which must be filed within 60 days. *Thandiwe v. Traughber,* 909 S.W.2d 802 (Tenn.Ct.App. 1994), *perm. to appeal denied* (Tenn., Feb. 21, 1995). The sixty-day statute of limitations for filing a petition for a writ of certiorari had expired long before the filing of the instant petition. This is clearly ascertainable from the face of petition itself. Therefore, even if treated as a petition for writ of certiorari, this petition would have been properly dismissed.

 Additionally, even if the petition had been addressed on the merits, the action of the Parole Board in releasing prisoners is not reviewable if done according to law. Tenn.Code Ann. § 40–28–115(c); *Brigham v. Lack,* 755 S.W.2d 469, 471 (Tenn.Crim.App.), *perm. to appeal denied, id.* (Tenn.1988). The scope of review under the common law writ is very narrow and covers only an inquiry into whether the Parole Board has exceeded its jurisdiction or is acting illegally, fraudu-

lently, or arbitrarily. *Powell v. Parole Eligibility Board,* 879 S.W.2d 871, 873 (Tenn.Ct. App.), *perm. to appeal denied, id.* (Tenn. 1994). Not the correctness of the decision, but only the manner in which it was reached is reviewable. *Id.* Merely attacking the board's action by alleging conclusory terms such as "arbitrary" and "capricious" will not warrant the issuance of the writ. *Id.* Thus, if the board has reached the decision in a lawful manner, the decision is simply not reviewable. *Id.; see Brigham,* 755 S.W.2d at 471.

In the present case, the petitioner challenged the intrinsic correctness of the parole board's decision in denying his parole by alleging that the board acted arbitrarily and capriciously without alleging specific instances of actionable misconduct. Thus, even if the petition had been timely filed, the writ would not have issued on the merits of the case.

We therefore conclude that the trial judge did not err in dismissing the petition filed herein. The judgment of the trial court is affirmed.

WADE, J., and WILLIAM S. RUSSELL, Special Judge, concur.

---

1. See Tenn.Code Ann. § 27–8–104; *see also* Tenn.Code Ann. § 27–9–103.

2. Tenn.Code Ann. § 16–2–107.