**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1997**

**FILED**

**April 24, 1997**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIAM LEE TOLLETT,** | **)** | **C.C.A. NO. 01C01-9605-CR-00180** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **DAVIDSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. SETH NORMAN** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:                FOR THE APPELLEE:

DEANNA C. BELL                    CHARLES W. BURSON
211 Third Avenue, North           Attorney General and Reporter
Nashville, TN 37201
                                  DARYL J. BRAND
                                  Assistant Attorney General
                                  450 James Robertson Parkway
                                  Nashville, TN 37243

                                  VICTOR S. JOHNSON
                                  District Attorney General

                                  JON SEABORG
                                  Assistant District Attorney General
                                  Washington Square, Suite 500
                                  222 Second Avenue North
                                  Nashville, TN 37209-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant filed a petition seeking habeas corpus relief on the grounds that Tennessee's sentencing laws violate the separation of powers clause of the Tennessee Constitution and that the sentences authorized are indeterminate in nature and thus contrary to law. The trial court denied habeas corpus relief. We affirm the judgment of the trial court.

The petition for writ of habeas corpus alleges that the Defendant is in the custody of the Tennessee Department of Correction as a result of being convicted of first degree murder and assault on May 19, 1995, in the Circuit Court of Williamson County, Tennessee. The petition alleges that the Defendant received a sentence of life plus fifteen years.

We first note that a petition for writ of habeas corpus must contain a copy of the "legal process" upon which restraint is based, or a satisfactory reason for its absence. Tenn. Code Ann. § 29-21-107(b)(2). The petition in this case contains neither. This omission alone would warrant the trial court's dismissal of the petition. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). In a habeas corpus proceeding, the burden of showing the invalidity of the judgment of conviction is upon the petitioner, "and in the absence of a production of the judgment, or a copy thereof, we must presume it was and is valid in all respects." State ex rel. George v. Bomar, 390 S.W.2d 232, 234 (Tenn. 1965). It is the Appellant's obligation to have prepared an adequate record in order to

allow meaningful review on appeal. Tenn. R. App. P. 24(b); <u>State v. Banes</u>, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). The trial court did not err when it denied habeas corpus relief.

On appeal, the Defendant argues that our statutory scheme of sentencing violates the separation of powers clause of the State Constitution. <u>See</u> Tenn. Const. art. II, §§ 1 & 2. In sentencing a defendant, the trial judge must first determine the appropriate sentencing range which determines the release eligibility percentage. The Defendant argues that this judicial function encroaches upon the power of the executive branch to determine an inmate's parole eligibility. The Defendant therefore argues that we should strike down our entire sentencing code. We reject the Defendant's argument because we conclude that it has no merit. Some functions of the three departments of state government are necessarily overlapping and interdependent. We believe this is particularly true in our criminal justice system. <u>See</u> <u>Lavon v. State</u>, 586 S.W.2d 112, 115 (Tenn. 1979); <u>Underwood v. State</u>, 529 S.W.2d 45, 47 (Tenn. 1975); <u>Woods v. State</u>, 130 Tenn. 100, 169 S.W. 558 (1914). Accordingly, we do not believe the judicial function of setting sentencing ranges is an unconstitutional encroachment on the powers of the excecutive branch.

The Defendant further argues that the sentencing ranges along with the release eligibility percentages establish indeterminate sentences in violation of Tennessee Code Annotated section 40-35-211, which prohibits indeterminate sentences. We also reject this argument because we conclude that it has no merit. The fact that the Board of Paroles may grant or deny parole does not convert a determinate sentence into an indeterminate sentence. Parole does not

cause a sentence to expire or terminate but is a conditional release from more restrictive confinement. See Howell v. State; 569 S.W.2d 428, 433 (Tenn. 1978); Doyle v. Hampton, 207 Tenn. 399, 403, 340 S.W.2d 891, 893 (1960). A parolee remains in constructive custody until the expiration of the full term of his or her sentence. Howell, 569 S.W.2d at 433.

The writ of habeas corpus, codified at Tennessee Code Annotated sections 29-21-101 to-130, is to be issued only in the case of a void judgment or to free a prisoner held after the term of imprisonment has expired. Tenn. Code Ann. § 29-21-101; Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Flowers v. Traughber, 910 S.W.2d 468, 469 (Tenn. Crim. App. 1995). The sole relief available under Tennessee's habeas corpus statute is discharge from custody. Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). For the reasons stated in this opinion, we cannot conclude that the trial judge erred by denying the Defendant's request that he be released. Therefore, we conclude that the petition for writ of habeas corpus was properly dismissed.[1]

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[1]This court has not been receptive to similar challenges to our sentencing laws. See Frank Bell v. Ricky Bell, Warden, C.C.A. No. 01-C-01-9602-CR-00058, Davidson County (Tenn. Crim. App., Nashville, Jan. 30, 1997); Eric C. Pendleton v. State, C.C.A. No. 01-C-01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Joe Thomas Baker, Jr. v. State, C.C.A. No. 01C01-9604-CR-00129, Davidson County (Tenn. Crim. App., Nashville, Feb. 20, 1997); Terry Merrell v. State, C.C.A. No. 01C01-9604-CR-00147, Davidson County (Tenn. Crim. App., Nashville, Feb. 20, 1997).

CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOE G. RILEY, JUDGE