# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**August 5, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

JIMMY KEY,           )
           )
     Plaintiff/Appellant,    )
           )    Davidson Chancery
VS.           )    No. 95-3896-I
           )
TENNESSEE BOARD OF    )    Appeal No.
PAROLES,         )      01A01-9610-CH-00480
           )
     Defendant/Appellee.   )

APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

For Plaintiff/Appellant:

Jimmy Key
Pro Se

For Defendant/Appellee:

John Knox Walkup
Attorney General and Reporter

Brenda Rhoton Little
Parker, Allen & Crofford
Nashville, Tennessee

**AFFIRMED AND REMANDED**

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves a dispute between the Board of Paroles and a prisoner convicted of being an habitual criminal over the inmate's right to custodial parole and the calculation of his sentence credits. The Chancery Court for Davidson County granted the Board's motion to dismiss, and the prisoner has appealed. We affirm the dismissal of the prisoner's suit in accordance with Tenn. Ct. App. R. 10(b).[1]

In 1976 Jimmy Lee Key was convicted of burglary and of being an habitual criminal and was sentenced to life imprisonment. Three years later, while confined at the Morgan County Regional Correctional Facility, Mr. Key murdered a fellow inmate. In a plea agreement, he agreed to plead guilty to second degree murder in return for a thirty-five year sentence to be served consecutively with his life sentence. In April 1991, the Board of Paroles granted Mr. Key custodial parole from his life sentence but rescinded the parole one year later in accordance with an Executive Order by Governor McWherter excluding certain violent offenders from eligibility for early release consideration. The Board paroled Mr. Key on his life sentence in the usual way in December 1994.

As soon as he was paroled the second time, Mr. Key filed a declaratory judgment action in the Chancery Court for Davidson County challenging the Board's 1992 decision to rescind his original parole and the calculation of his sentence reduction credits. The trial court dismissed Mr. Key's petition on the ground that the Board's actions could only be reviewed using a common-law writ of certiorari.

The power to pardon or parole rests in the Executive Branch. See Tenn. Const. art. III, § 6. Accordingly, the Board is wielding executive power when it makes parole decisions, and these decisions, if made according to law, are not reviewable by the courts. *See* Tenn. Code Ann. § 40-28-115(c) (1997); *Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995). Prisoners seeking to challenge the fundamental legality of a parole decision may do so using a common-law writ of certiorari, *see Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), but may not obtain judicial review by declaratory judgment. *See Watson v. Tennessee Dep't of Correction*, No. 01A01-9707-CH-00360, 1998 WL 4707, at *2 (Tenn. Ct. App. Jan. 9, 1998), *perm. app. denied* (Tenn. May 26, 1998). Accordingly, the portion of Mr. Key's petition challenging the recision of his first parole fails to state a claim upon which relief can be granted.

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Likewise, the portion of Mr. Key's petition challenging the calculation of his sentence credits fails to state a claim. The Tennessee Department of Correction, not the Board, is responsible for administering the prisoner sentence reduction program. Accordingly, Mr. Key has sued the wrong agency and is entitled to no relief from the Board.

We affirm the trial court's dismissal of Mr. Key's petition and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Jimmy Key.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE