IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## BRIAN K. MOSS, vs. TENNESSEE BOARD OF PAROLES

**Appeal from the Chancery Court for Davidson County, Part III**
**No. 99-1484-III, Hon. Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-00128-COA-R3-CV - Filed September 28, 2000**

---

At the hearing where appellant's parole was revoked, the Hearing Officer admitted sworn statements of alleged victims. The Trial Court upheld the revocation. We affirm.

**Tenn. R. App. P.3, Appeal as of Right; Judgment of the Chancery Court affirmed.**

HERSCHEL PICKENS FRANKS , J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and PATRICIA J. COTTRELL, J., joined.

Brian K. Moss, Henning, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Stephanie R. Reevers, Senior Counsel, Nashville, Tennessee, for Respondent-Appellee, Tennessee Board of Paroles.

**OPINION**

Brian Moss appeals from the revocation of his parole, which on certiorari to the Trial Court was affirmed.

Moss was serving a term of 21 years in prison, and had been granted parole twice, had violated those paroles and was again paroled on November 2, 1998. A parole violation warrant was issued on November 18, 1998 following the issuance of arrest warrants for Automobile Theft and Theft of Personal Property (a 10 mm handgun and necklace).

At a hearing on February 25, 1999; a detective and Moss's parole officer and a supervising officer testified in person. The victims, the owner of the automobile and her son, the owner of the handgun, made sworn statements via a verified videotape. The Hearing Officer found that there was good cause for allowing the videotape instead of personal appearance because the

victims' house and car had burned and they were without transportation. The Hearing Officer recommended Moss's parole be revoked, and that recommendation was adopted by the Board and entered on March 8, 1999.

Subsequently, on petition for writs of certiorari to the Trial Court, the Trial Court granted the Board summary judgment and dismissed Moss's petition. In this regard, the Trial Court held that Moss had failed to demonstrate that the Board had acted illegally, arbitrarily or fraudulently in revoking parole since conviction of a criminal offense is not a prerequisite for revocation. The Court further found that the hearing officer had made specific findings that good cause existed for the victims' absence at the hearing and that the video statements were reliable and of the type that would be commonly relied upon. Therefore, the Court held that the use of videotaped evidence did not violate Moss's right to due process.

Prisoners do not have a right to be released from confinement prior to the expiration of their sentence. *See* Tenn. Code Ann. § 40-28-117(a) (1997); *Graham v. State*, 304 S.W.2d 622, 623-24 (Tenn. 1957). A decision to grant parole is discretionary, and in the sole prerogative of the Tennessee Board of Paroles. *See* Tenn. Code Ann. § 40-28-116(a)(1) (Supp. 1999); *State ex rel. Ivey v. Meadows*, 393 S.W.2d 744, 747 (Tenn. 1965). Such decisions are reviewed by a common-law writ of certiorari. *See* Tenn. Code Ann. § 40-28-115(c) (Supp. 1999); *Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995). In order to obtain relief via the writ, the petitioner must establish that the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *See Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn.1997). While the constitutional right to confront and cross-examine adverse witnesses as to the essential elements of a crime in a criminal proceeding is absolute, *State v. Wade*, 863 S.W.2d 406, 407 (Tenn. 1993); *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068 (1965), the issue in a probation revocation proceeding is not the guilt or innocence of the defendant, and the right to confront and cross-examine adverse witnesses is not absolute and may be relaxed under some circumstances. Both the Tennessee Supreme Court and the United States Supreme Court have recognized that "the full panoply of rights due a defendant" in criminal prosecutions do not apply to parole revocations. *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965); *Black v. Romano*, 471 U.S. 606, 613, 105 S.Ct. 2254, 2258 (1985).

Nevertheless, because a probationer's conditional freedom from incarceration is at risk, she must be afforded due process in the revocation proceeding. The United States Supreme Court set forth the minimum requirements of due process in probation hearings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972). Those include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking

parole.

408 U.S. at 489, 92 S.Ct. 2604.

Our Supreme Court has determined that hearsay evidence is admissible at a parole revocation hearing, thus depriving the parolee of the right to cross-examination, when minimum confrontation requirements of *Morrissey* are met. *State v. Wade*, 863 S.W.2d 406, 409 (Tenn.1993) (quoting favorably *Wilson v. State*, 521 A.2d 1257, 1260-61 (Md. Ct. App. 1987)). These include (1) a specific finding by the trial court of "good cause" that would justify the denial of the defendant's right to confront and cross-examine an adverse witness; and (2) a showing that the information contained in the report is reliable. See *Id*. at 409.

Under this standard, the fact finder first must assess why confrontation is not desirable or impractical. See *Wade*, 863 S.W.2d at 409; *State v. Purkett*, 825 S.W.2d 851 (Mo. 1992). Where it would be difficult or expensive to procure live witnesses because of long distances involved, such fact militates in favor of not requiring attendance of the witness. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.5, 93 S.Ct. 1756, 1760 n. 5 (1973) (out-of-state witness not required to attend hearing where there was appropriate substitute for live testimony).

The second factor for determination is whether the hearsay evidence sought to be admitted bears substantial indicia of reliability. *State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993). The Supreme Court in *Morrissey v. Brewer*, emphasized that

> There is no thought to equate this second [final] stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

408 U.S. 471, 489, 92 S.Ct. 2593, 2604 (1972). Likewise in *Gagnon v. Scarpelli*, the Court explained:

> While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

411 U.S. 778, 782 n. 5, 93 S.Ct. 1756, 1760 n. 5 (1973).

In this case, the Hearing Officer made a specific finding of good cause as to why the victims were not present and why the videotaped statements would be allowed, i.e., the witnesses' house and car had recently been burned in a fire, leaving them without transportation. The hearing officer also found that there was sufficient indicia of reliability in the videotaped statements so that the requirements of due process were satisfied. The police officer at the hearing was able to verify

the identity of the witnesses and authenticate the videotape.

On appeal, our review is limited to whether the hearing officer acted illegally, fraudulently, or arbitrarily. Considering the totality of the circumstances, including the reason for the witnesses' absence, the nature of their testimony, and the fact that the arresting officer was present and testified at the hearing, there is sufficient evidence to demonstrate that the Hearing Officer properly admitted the statements. Under the authority of the cases considered in this Opinion, we cannot conclude that the Hearing Officer acted in an arbitrary manner.

We affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, J.