IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 2, 2016

## CHRISTOPHER A. HAMILTON v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

Appeal from the Chancery Court for Davidson County
No. 14-1837-IV     Russell T. Perkins, Chancellor

No. M2016-00458-COA-R3-CV – Filed November 4, 2016

This appeal involves an incarcerated inmate's filing of a petition for writ of certiorari, claiming that the Tennessee Board of Probation and Parole acted arbitrarily and without material evidence in denying his request for parole. The trial court granted the petition but ultimately affirmed the denial of parole. The petitioner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and KENNY ARMSTRONG, J., joined.

Christopher A. Hamilton, Mountain City, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andree S. Blumstein, Solicitor General; and Jennifer L. Brenner, Senior Counsel, Nashville, Tennessee, for the appellee, State of Tennessee, Tennessee Board of Parole.

## OPINION

### I.     BACKGROUND

Christopher A. Hamilton ("the Petitioner") is an inmate housed in the Northeast Correctional Complex in Mountain City, Tennessee, where he is currently serving a 40-year sentence for two attempted first degree murder convictions relating to an incident of gang violence in 1993. In addition to his current convictions, the Petitioner has an extensive criminal history, including a third attempted first degree murder conviction and a conviction for introducing contraband into a penal facility that have since expired. His third attempted first degree murder charge arose out of his shooting of two police officers

while he was attempting to escape the Shelby County Jail in 1996. He has also been charged with several misdemeanors, including disorderly conduct, escape, driving on a suspended license, burglary, vandalism, and criminal trespass.

The Petitioner has been considered for parole in recent years but was denied release each time by the Tennessee Board of Probation and Parole ("the Board") for various reasons. In May 2012, he was denied parole on the ground that his "release from custody at this time would depreciate the seriousness of the crime" for which he was convicted pursuant to Tennessee Code Annotated section 40-35-503(b)(2). Another hearing was held in May 2014, after which he was ordered to complete a psychological evaluation before attending the next scheduled hearing in October 2014.

At the hearing, Richard Montgomery, the Board Chairman, commended the Petitioner for his participation in various classes while incarcerated. However, Chairman Montgomery also noted Petitioner's extensive criminal history and his 32 "write-ups" while incarcerated, two of which occurred since May 2012. The Petitioner admitted he had been cited for his alleged participation in a security threat group and possession of marijuana since 2012. He admitted the circumstances surrounding the possession charge but explained that he was never involved with a threat group while incarcerated. He claimed that he was written up as a result of his status as a known gang member prior to his incarceration. However, he accepted full responsibility for the two attempted first degree murder convictions and expressed remorse for his actions. He cited an extensive family support system and his desire to become a productive member of the community as evidence of his ability to succeed once paroled.

Following the hearing, Chairman Montgomery recommended a release date of August 3, 2015, following the Petitioner's completion of the Pro-Social Life Skills program. The Petitioner later received notice that the remainder of the Board voted to deny release on the ground that "[t]here is a substantial risk that [he] will not conform to the conditions of the release program" pursuant to Tennessee Code Annotated section 40-35-503(b)(1). He was also ordered to complete a Therapeutic Community program.

The Petitioner appealed the Board's decision and later filed a petition for writ of certiorari in the Davidson County Chancery Court. The Board denied the appeal, but the trial court granted the petition for writ of certiorari without objection from the State.

The Petitioner argued that the Board's decision was arbitrary and without basis in fact or evidence of record that he posed a substantial risk of not conforming to his release conditions. In support of his assertion, he cited his good behavior since the May 2012 hearing, strong family support and a letter of support from the Tennessee Department of Correction's Unit Manager, and the many programs he completed while incarcerated. He

claimed that the denial of parole evidenced a significant procedural error when the record was devoid of evidence supporting the decision and when the Board did not cite his inability to conform as a reason for his denial of parole in May 2012. The State responded that the Board was not limited to the criteria previously considered in denying parole and further claimed that the Board did not act arbitrarily in reaching its current decision as evidenced by the Petitioner's criminal history and pattern of recidivism. The trial court affirmed the Board's decision. This appeal followed.

## II. ISSUE

The sole issue on appeal is whether the trial court properly affirmed the Board's decision.

## III. STANDARD OF REVIEW

"In considering parole for prisoners, [the Board] is considered to be exercising a judicial function which is not reviewable if done in accordance with the law." *Robinson v. Traughber*, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999) (citing Tenn. Code. Ann. § 40-28-115(c)). "However, a limited form of review is available under the writ of certiorari to determine whether the Board has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily." *Id.* (citing *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)). Furthermore,

> Review under a common-law writ of certiorari does not extend to a redetermination of the facts found by the board or agency whose decision is being reviewed. The courts may not (1) inquire into the intrinsic correctness of the decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the board or agency. However, they may review the record solely to determine whether it contains any material evidence to support the decision because a decision without evidentiary support is an arbitrary one.

*Leonard Plating Co. v. Metro. Gov't of Nashville and Davidson Cnty.*, 213 S.W.3d 898, 903-04 (Tenn. Ct. App. 2006) (internal citations and footnotes omitted); *see also Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Ct. App. 1995) ("Not the correctness of the decision, but only the manner in which it was reached is reviewable."). "This limited standard of review applies to both the trial court and to this [c]ourt." *Abbington Center, LLC v. Town of Collierville*, 393 S.W.3d 170, 175-76 (Tenn. Ct. App. 2012).

## IV.    DISCUSSION

The Petitioner argues that the Board's decision was arbitrary and without basis in fact or evidence of record that he actually posed a substantial risk of not conforming to his release conditions.  He provides that the Board did not rely upon this ground in denying his parole in May 2012 and that no programs were recommended or comments made to inform him that he posed such a substantial risk.  He notes that the record is devoid of any behavior that would support the Board's decision.  To the contrary, he claims that the record contains overwhelming evidence of his compliance with the rules and regulations imposed upon him while incarcerated.  The State responds that the trial court did not err in affirming the Board's denial of parole.

"Release on parole is a privilege and not a right."  Tenn. Code Ann. § 40-35-503(b).  Furthermore, the statute expressly requires the Board to consider the inmate's substantial risk that he or she may not conform to the conditions of the release program.  Tenn. Code Ann. § 40-35-503(b)(2).  Consideration of this ground was not only relevant but necessary in every parole hearing conducted according to the law.  Having reviewed the record, which includes the Petitioner's criminal history and documents his continuation of criminal behavior once incarcerated, we hold that the Board did not act arbitrarily or without material evidence in reaching its decision.

## V.    CONCLUSION

The judgment of the trial court is affirmed.  The case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Christopher A. Hamilton.

_____
JOHN W. McCLARTY, JUDGE

- 4 -