IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 6, 2018

**MISTY ROBERTS v. TRINITY MINTER, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6993     Joe H. Walker, III, Judge**

———————————————————

**No. W2017-01944-CCA-R3-HC**

———————————————————

In 1994, the Petitioner, Misty Roberts, pled guilty to four counts of aggravated rape and one count of aggravated kidnapping, and she received an effective sentence of thirty-three years.  On August 23, 2017, the Petitioner filed a petition for the writ of habeas corpus, alleging that she remained in custody despite the expiration of her sentences and citing alleged errors in the calculation of her release eligibility and the award of pretrial behavior credits.  The trial court dismissed the petition, concluding that the sentences were not expired.  On appeal, we conclude that the trial court correctly determined that the Petitioner's sentences were not expired, and we accordingly affirm the trial court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Misty Roberts, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On October 3, 1994, the Petitioner pled guilty to four counts of aggravated rape and one count of aggravated kidnapping.  *See Misty Laverne Roberts v. Donal Campbell, Comm'r*, No. 03C01-9803-CC-00124, 1999 WL 281084, at *1 (Tenn. Crim. App. Apr.

30, 1999). According to the judgment forms attached to her petition,[1] the Petitioner was sentenced to twenty-five years in prison for each aggravated rape conviction, all to be served concurrently. She was sentenced to serve eight years for the aggravated kidnapping conviction, and the aggravated kidnapping conviction was to be served consecutively to the first count of aggravated rape, for an aggregate sentence of thirty-three years. *See id.* (noting that the Petitioner's aggregate sentence was thirty-three years). The judgment forms indicate that each sentence had a thirty percent release eligibility date.

Approximately five years after the plea, the Petitioner sought to hold the Tennessee Department of Correction ("TDOC") in contempt for "incorrectly calculating her sentence and failing to correct the error once notified of it." *Id.* This petition was dismissed on the basis that the trial court had no authority over the application of sentencing credits. *Id.*

On August 4, 2017, the Petitioner filed a petition for the writ of habeas corpus, asserting that her sentences for aggravated rape in Counts 2-4 had expired and that she was denied pretrial behavior credits to which she should have been entitled. She alleged that a Tennessee Offender Management Information System ("TOMIS") report from the TDOC reflected that Count 1 had already expired but that Counts 2-4 incorrectly reflected that they must be served at one hundred percent with no release eligibility. She did not, however, attach any judgment forms, and the August 4, 2017, petition was denied on this basis.

The Petitioner then filed a second petition seeking habeas corpus relief on August 23, 2017. In her second petition, the Petitioner did not include information regarding the aggravated kidnapping conviction which was part of the plea agreement, instead noting that she was sentenced to serve an effective sentence of twenty-five years for four counts of aggravated rape. The Petitioner again alleged that her sentences incorrectly reflected a

---

[1] The petition does not include the judgment form for the aggravated kidnapping conviction. The Petitioner has attached to her appellate brief the judgment for this offense, as well as records from the Tennessee Department of Correction which are inconsistent with similar records put before the trial court. On review, we will not consider these documents, which were not contained in the record and were appended to the Petitioner's brief. Tenn. R. App. P. 13(c) (noting that this court "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14"); *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) ("What is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered."); *Michael Scott Farner v. State*, No. E2014-02165-CCA-R3-PC, 2015 WL 4710392, at *3 (Tenn. Crim. App. Aug. 7, 2015) (refusing to consider affidavits attached to brief).

release eligibility of one hundred percent, rather than thirty percent, and that she was not awarded pretrial behavior credits. On September 12, 2017, the trial court entered an order denying relief on the basis that failure to grant parole is not a cognizable ground for habeas corpus relief and that any allegations regarding the improper calculation of sentencing credits is likewise not properly addressed through the writ of habeas corpus. The Petitioner filed a timely notice of appeal in this court, challenging only the allegedly incorrect release eligibility calculation.

## ANALYSIS

On appeal, the Petitioner cites to certain dates in the various TOMIS reports to support the contention that the TDOC is incorrectly calculating the release eligibility for some of her convictions at one hundred percent rather than thirty percent. She asserts that her sentences have expired and that she should be released from custody. The State responds that the petition was properly denied because it was merely a challenge to the TDOC's sentencing calculation. While arguing that the State has "mistakenly construed" her argument, the Petitioner acknowledges that her "sole argument is that the [j]udgments are not entered as written" and that the judgments and plea agreement "are not being honored."

The writ of habeas corpus is guaranteed by article I, section 15 of the Tennessee Constitution. Under statute,

> (a) Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;

> (2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or

> (3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

T.C.A. § 29-21-101.

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008) (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993)). Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). Habeas corpus is not a mechanism to "'correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (quoting *State ex rel. Holbrook v. Bomar,* 364 S.W.2d 887, 888 (1963)). The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings or conclusions. *Edwards*, 269 S.W.3d at 919.

The Petitioner's argument appears to be, in part, that her sentences have expired because she has reached the release eligibility date. However, a sentence does not expire merely because the release eligibility date has been reached. *Davis*, 313 S.W.3d at 758 ("[P]arole does not actually reduce the parolee's sentence."); *Lawrence Allen Hodge v. David Mills, Warden*, No. W2004-01107-CCA-R3-HC, 2004 WL 2866970, at *1 (Tenn. Crim. App. Dec. 13, 2004) ("Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement."). On the contrary, it appears from the face of the judgments and record that the Petitioner's sentences have not yet expired. The record indicates that the Petitioner pled guilty to the offenses in 1994 and received a thirty-three-year sentence. Even if the sentence became effective in June 1993, as the Petitioner asserts, her thirty-three-year sentence has not expired.

The Petitioner likewise may not challenge the denial of parole or the calculation of her release eligibility through the writ of habeas corpus. *Hogan v. Mills*, 168 S.W.3d 753, 757 n.1 (Tenn. 2005) ("Any challenge to the Board of Paroles' calculation of [the petitioner's] effective sentence must be presented in an administrative proceeding, not a habeas corpus action."); *Robert L. Ferrell v. State*, No. 01CO1-9610-CR-00454, 1997 WL 578999, at *1 (Tenn. Crim. App. Sept. 19, 1997) (concluding that the petitioner's claim that his plea agreement was violated by the Board's failure to consider him for parole after service of thirty percent of his sentence was not cognizable in habeas corpus); *Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995) (noting that the petitioner would not be entitled to habeas corpus relief from allegedly arbitrary and

capricious denial of parole). The calculation of release eligibility by the TDOC is governed by the Uniform Administrative Procedures Act, and is not properly the subject of a habeas corpus action. *Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *see Carroll v. Raney*, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993). Moreover, we have previously noted that TOMIS reports are not part of the record of the underlying proceeding and as such cannot be used to demonstrate the basis of habeas corpus relief. *James G. Watson v. Howard Carlton, Warden*, No. E2011-00288-CCA-R3-HC, 2011 WL 4790953, at *2-3 (Tenn. Crim. App. Oct. 11, 2011). We nevertheless note that the TOMIS reports attached to the two petitions reflect that the "range percent" of the offenses is thirty and that the "full expiration date" is June 28, 2026.

## CONCLUSION

Because it appears from the face of the judgments that the Petitioner's sentences have not expired, the habeas corpus court did not err in summarily dismissing the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE