FILED
07/25/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 3, 2018

**DEAN SMITH v. TENNESSEE BOARD OF PAROLES**

**Appeal from the Chancery Court for Davidson County**
**No. 17-819-IV     Russell T. Perkins, Chancellor**

_____

**No. M2018-01354-COA-R3-CV**
_____

This appeal concerns an incarcerated inmate's filing of a petition for writ of certiorari, claiming that the Tennessee Board of Paroles acted arbitrarily, fraudulently, illegally, and in excess of its authority in denying his request for parole. The trial court granted the petition but ultimately affirmed the denial of parole. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Dean Smith, Mountain City, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, the Tennessee Board of Parole.

**OPINION**

**I.     BACKGROUND**

Dean Smith ("the Petitioner") is an inmate housed in the Northeast Correctional Complex in Mountain City, Tennessee, where he is currently serving two concurrent life sentences with the possibility of parole for two first-degree murders he committed in 1981. He was a juvenile at the time of the offenses. The Petitioner has been considered for parole in recent years but was denied each time for various reasons by the Tennessee Board of Paroles ("the Board"). In February 2017, he was again denied parole due to the seriousness of the offenses pursuant to Tennessee Code Annotated section 40-35-

503(b)(2).[1]  The Petitioner appealed the Board's decision and later filed a petition for writ of certiorari with the Chancery Court for Davidson County when his appeal was denied. The trial court granted the petition for certiorari without objection from the State.

The Petitioner argued that the Board acted arbitrarily, fraudulently, illegally, and in excess of its authority by

> 1.      Applying parole standards adopted after his offense that have created a sufficient risk of increasing his punishment in violation of the Ex Post Facto clause of the federal and state constitutions.
>
> 2.      Imposing a disparate and harsher punishment because of parole opposition from the victims' family members in violation of Tennessee parole standards, the Ex Post Facto clause of the United States Constitution, and the Eighth Amendment.

In sum, the Petitioner claimed that the victims' family members continued participation in his parole hearings have increased his period of confinement.  He asserted that changes in the law now require the Board to consider victim impact statements and allow victim participation in parole hearings when no such requirements were in place at the time of his conviction.  He provided that other prisoners convicted of similar crimes were granted parole, in part, because of the absence of victim participation in their parole hearing.  He requested permission to conduct discovery of parole grant rates to establish his allegations.  The trial court denied his request for discovery, citing the standard of review in certiorari proceedings and the absence of his right to parole.

The State responded that the relevant statutes and rules for determining the release of an inmate in effect at the time of the Petitioner's conviction and at the time of his denial of parole are the same, thereby invalidating the Petitioner's claim of an ex post facto violation.  The State provided that in 1981, the Petitioner was convicted of a Class X felony and sentenced to life with the possibility of parole.  At that time, the pertinent parole statute read as follows:

> Release classification is a privilege and not a right, and no person convicted of a Class X felony shall be granted release classification status if the authority finds that:

[1] "[N]o inmate convicted shall be granted parole if the [B]oard finds that: . . . . The release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law[.]"

The release from custody at the time would depreciate the seriousness of the crime of which the person stands convicted or promote disrespect for the law[.]

Tenn. Code Ann. § 40-28-302(b)(2) (1979). The State explained that the Petitioner's ex post facto claim must fail because the same 1981 parole standard was properly cited in support of the Board's denial of parole in 2017. The State further argued that statutory and constitutional changes concerning victim input in the parole process did not violate the ex post facto clause as claimed by the Petitioner. The State asserted that such provisions were a procedural change in the law and had no impact on the standards for determining parole. Lastly, the State asserted that the Petitioner's claimed Eighth Amendment violation was also without merit because the Eighth Amendment applies to cruel and unusual punishments and disparate criminal sentences, not the denial of parole.

The trial court agreed that the procedural changes at issue did not violate ex post facto prohibitions in this case and that the challenged provisions pose an insignificant risk of increased punishment when a prisoner's suitability for parole is a matter of the Board's discretion. The trial court further agreed that the Eighth Amendment is not implicated by the denial of parole in the Petitioner's case. In sum, the court found no ex post facto violation and held that the record did not establish that the Board acted illegally, fraudulently, arbitrarily, or in excess of its jurisdiction in the manner in which it denied the Petitioner's request for parole. The court upheld the denial of parole and dismissed the petition. This appeal followed.

## II. ISSUES

A. Whether the trial court abused its discretion in denying the Petitioner's request for discovery.

B. Whether changes in the law concerning victim input in the parole process amounts to an ex post facto violation.

C. Whether the Board acted arbitrarily, fraudulently, illegally, and in excess of its authority in denying parole.

## III. STANDARD OF REVIEW

"In considering parole for prisoners, [the Board] is considered to be exercising a judicial function which is not reviewable if done in accordance with the law." *Robinson v. Traughber*, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999) (citing Tenn. Code. Ann. § 40–28-115(c)). "However, a limited form of review is available under the writ of certiorari

to determine whether the Board has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily." *Id.* (citing *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)). Furthermore,

> Review under a common-law writ of certiorari does not extend to a redetermination of the facts found by the board or agency whose decision is being reviewed. The courts may not (1) inquire into the intrinsic correctness of the decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the board or agency. However, they may review the record solely to determine whether it contains any material evidence to support the decision because a decision without evidentiary support is an arbitrary one.

*Leonard Plating Co. v. Metro. Gov't of Nashville and Davidson Cnty.*, 213 S.W.3d 898, 903-04 (Tenn. Ct. App. 2006) (internal citations and footnotes omitted); *see also Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Ct. App. 1995) ("Not the correctness of the decision, but only the manner in which it was reached is reviewable."). "This limited standard of review applies to both the trial court and to this [c]ourt." *Abbington Center, LLC v. Town of Collierville*, 393 S.W.3d 170, 175-76 (Tenn. Ct. App. 2012).

## IV.    DISCUSSION

### A. & B.

The Petitioner first argues that the court improperly denied discovery in this case and prevented him from presenting crucial evidence of his claims supporting his petition. "The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated." *Artist Building Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 220 (Tenn. Ct. App. 2013) (quoting *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992)). This court must examine whether the trial court "(1) applie[d] an incorrect legal standard, (2) reache[d] an illogical or unreasonable decision, or (3) base[d] its decision on a clearly erroneous assessment of the evidence." *State v. Mangrum*, 403 S.W.3d 152, 166 (Tenn. 2013). Here, the Petitioner claimed that changes in the law concerning victim input in the parole process are in violation of the ex post facto clause of the federal and state constitution because the changes have resulted in increased punishment for him and others facing victim opposition to parole.

As noted by the trial court, both the State and Federal Constitution contain prohibitions against ex post facto laws. *See* U.S. Const. Art. I, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed."); U.S. Const. Art. I, § 10, cl. 1 ("No state shall . . . pass any ex post facto Law[.]"); Tenn. Const. Art. I, § 11 ("That laws made for

the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of a free Government; wherefore no ex-post facto law shall be made.").   In defining such laws and explaining their implication, this court stated as follows:

> [E]x post facto laws include: [1.] Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action.  [2.] Every law that aggravates a crime, or makes it greater than it was, when committed.  [3.] Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  [4.] Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.
>
> The United States Supreme Court has recently explained that the Ex Post Facto Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts.  The Tennessee Supreme Court has likewise stated that the critical question in an ex post facto analysis is whether the law changes the punishment to the defendant's disadvantage, or inflicts a greater punishment than the law allowed when the offense occurred.

*Kaylor v. Bradley*, 912 S.W.2d 728, 731-32 (Tenn. Ct. App. 1995) (internal citations and quotations omitted).  "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept.   Whether retroactive application of a particular change in parole law respects the prohibition on ex post facto legislation is often a question of particular difficulty when the discretion vested in a parole board is taken into account."  *Garner v. Jones*, 529 U.S. 244, 250 (2000) (citations omitted).

Here, the parole standards have not changed as applied to the Petitioner in this case.  The Board has always been required to consider the seriousness of the offense in determining a prisoner's parole eligibility.  However, since the Petitioner's conviction and sentencing, legislation has been enacted to require the Board to "receive and consider victim impact statements" and to guarantee victims a variety of rights.  *See* Tenn. Code Ann. § 40-28-504(a) ("The board shall receive and consider victim impact statements."); Tenn. Code Ann. § 40-38-301(a) (implementing an amendment to the Tennessee Constitution in which victims were granted a variety of rights concerning his or her participation in the criminal justice process, including parole hearings).  Prior to this new legislation, victims were permitted to attend parole hearings but were not guaranteed any rights in the criminal justice process.

A panel of this court addressed this exact issue as applied to a prisoner sentenced in 1977 and denied parole in 2013. *York v. Tennessee Bd. of Parole*, 502 S.W.3d 783, 791-93 (Tenn. Ct. App. 2016). This court found that changes in the law concerning victim input in the parole process are procedural and "have no impact on the standards for determining suitability for parole, whose application is a matter of discretion vested in the Board." *Id.* at 793. We ultimately held that the challenged provisions "do not violate the prohibition of ex post facto laws found in the Tennessee Constitution." *Id.* The same applies here. Our resolution of the ex post facto claim renders any objections to the denial of discovery on this issue immaterial. *Id.* at 794.

C.

The Petitioner next argues that the Board acted arbitrarily, fraudulently, illegally, and in excess of its authority in denying parole. The Petitioner asserts as follows:

> The Board has made no provisions that would enable [him], as a juvenile offender at the time of the offense, to present evidence of his rehabilitation, or increased level of maturity since the offense. In fact, the only distinction regarding juvenile offenders is a punitive measure included in the Board's instrument designed as "Parole Grant Prediction Scale and Guidelines." In this instrument, juvenile offenders are penalized based solely on their youth at the time of their first felony conviction.

> Thus, the Board's standards and practices fail to consider a juvenile's diminished culpability for the offense; greater prospects for reform for juveniles; and a juvenile's diminished ability to assess consequences of their actions.

He argues that the assessment of a penalty based solely upon juvenile status is contrary to established law and that his repeated denial of parole based upon continued victim input has essentially converted his sentence into one of life without the possibility of parole in violation of the Eighth Amendment against cruel and unusual punishment.

We agree with the trial court that the Eighth Amendment's prohibition against cruel and unusual punishment is not implicated by the denial of parole. *See generally Graham v. Florida*, 560 U.S. 48, 59 (2010) (providing that the Constitution's ban against cruel and unusual punishment prohibits punishments that are not proportionate to the crime). The Petitioner's status as a juvenile was considered at the time of his sentencing as evidenced by his receipt of concurrent sentences of life *with* the possibility of parole for two first degree murder convictions. Moreover, our review of the record reveals that the Petitioner was permitted to present exhaustive evidence of his rehabilitation,

including countless letters in support of his request for parole, his exemplary record of conduct since incarceration, and additional testimony from witnesses at the hearing. In fact, the record contains overwhelming evidence of his compliance with the rules and regulations imposed upon him since his incarceration. We commend the Petitioner for his efforts and encourage him to continue in his exemplary behavior. That said, we must remind the Petitioner that "[r]elease on parole is a privilege and not a right." Tenn. Code Ann. § 40-35-503(b). The parole statutes also expressly require the Board to consider the seriousness of the offense in determining his eligibility for parole. Tenn. Code Ann. § 40-35-503(b)(2). Consideration of this ground was not only relevant but necessary in every parole hearing conducted according to the law. The details of the offense at issue here are indeed serious, resulting in the loss of life for two women. The Petitioner admitted to binding the victims' hands and then shooting each woman in the back of the head. Accordingly, we hold that the Board did not act arbitrarily, fraudulently, illegally, in excess of its authority, or without material evidence in reaching its decision.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Dean Smith.

_____
JOHN W. McCLARTY, JUDGE